McCULLOUGH, Judge.
Defendant Marguerita Santa-Maria appeals after being convicted of one count of trafficking in cocaine by possession. The State's evidence tended to show that Detective Norris Quick of the Raleigh Police Department had been working with a confidential informant known as "Sonny." Detective Quick directed Sonny to negotiate the sale of one kilogram of cocaine. Detective Quick told Sonny to go to meet with Jesus Cortes-Moreno, verify that cocaine was present, and leave the scene under the pretext that Sonny needed to get money for the transaction. Then, Sonny was to meet with the police afterwards.
Previously, Sonny had been arrested and pled guilty to drug trafficking. Shortly thereafter, he agreed to assist the policewith the understanding that he could reduce his prison sentence. From May to June of 2002, Sonny began talking to Jesus Cortes-Moreno to see if Moreno could get someone to sell Sonny cocaine. On 6 June 2002, Moreno told Sonny that two girls from Durham would be willing to sell five kilograms of cocaine. One day, Morneo met with Sonny and gave him a sample of cocaine. Sonny wrapped up the sample and gave it to a police officer.
Law enforcement officers then set up a drug transaction with Moreno. Wired with a microphone, Sonny had a pager on his hip that was hooked up to the cigarette lighter in his car. Although he was supposed to keep his car running during the transaction, Sonny mistakenly turned the vehicle off. Sonny saw Morneo's gray van and a Hyundai that he had never seen parked on the side of the street. Sonny parked and saw Moreno and defendant.
Sonny, Moreno, and defendant walked toward the Hyundai's trunk. Defendant reached into a Pepsi box and showed Sonny some cocaine which was wrapped in pink plastic. Sonny used his keys to punch a hole in one of the plastic bags to get a sample. After determining that the substance was cocaine, Sonny said that he had to go to the bank to get money. Defendant put the cocaine back in the box and closed the trunk. Sonny left the scene, called the police, and reported that the drugs were in the Pepsi box in the trunk of the Hyundai.
Alejandra Sandoval Santa-Maria ("Alejandra") testified that defendant is her aunt. On the date in question, Alejandra agreed to drive defendant. She followed a van expecting to get some workcleaning houses. However, instead of gaining an employment opportunity, Alejandra witnessed an attempted drug sale and the subsequent intervention by law enforcement officers.
Detective Kevin Carswell of the Raleigh Police Department videotaped the events of 6 June 2002. Officer Jose Martinez acted as a translator after defendant was in custody. After receiving her Miranda warnings in Spanish, defendant told Officer Martinez that a black male offered her $200.00 if she would take a case of soda to Raleigh.
An expert in the field of forensic chemistry, Amy Boomer, testified that a package retrieved from the trunk contained 998.2 grams of cocaine. She testified that the sample recovered from Sonny contained 1.3 grams of cocaine. Finally, she indicated that a substance contained in a dollar bill recovered from defendant contained 0.2 grams of cocaine.
Defendant testified on her own behalf. She talked with Moreno about needing work, and Moreno offered to help her. On the day of the incident, defendant believed that she was going to the construction site to work. Moreno gave her a carton of Pepsi because there was no water at the site. Defendant claimed that she only learned about the drugs after attempting to retrieve a soda. On 12 March 2003, the jury found defendant guilty of trafficking in cocaine by possession. The Honorable Henry W. Hight, Jr., sentenced defendant to a term of 175-219 months in prison. Defendant appeals. On appeal, defendant argues that the trial court erred by (1) denying her motion to strike a witness's testimony and (2) denying her motion to receive information about the debriefing of one of the State's witnesses. We disagree and conclude that defendant received a fair trial free from reversible error.
I. Motion to Strike
Defendant argues that the trial court erred by denying defendant's motion to strike Sergeant Kennon's testimony that defendant provided him false information. We disagree.
An appellate court will not consider a different theory on appeal from the one presented to the trial court. State v. Benson, 323 N.C. 318, 322, 372 S.E.2d 517, 519 (1988). "Defendant may not swap horses after trial in order to obtain a thoroughbred upon appeal." Id. In the present case, defendant's attorney objected on the ground that Sergeant Kennon carried out a custodial interrogation. Defendant's attorney also claimed that he did not know that his client made any statements to the police. However, on appeal, defendant has argued that Sergeant Kennon gave inadmissible opinion testimony because he was not qualified as an expert witness. We decline to consider a theory that is different from the one presented to the trial court. Furthermore, since defendant has failed to assert plain error in an assignment of error, we will not conduct plain error review either. State v. Truesdale, 340 N.C. 229, 232-33, 456 S.E.2d 299, 301 (1995). We overrule this assignment of error.
II. Disclosure of Documents
Defendant contends that this Court should conduct an independent review of certain documents to determine whether they contain evidence that is favorable to her. N.C. Gen. Stat. § 15A-903 (2003) addresses when the State must disclose certain information to a criminal defendant. Our Supreme Court has explained the statute in this way:
[W]hen a defendant makes a specific request at trial for disclosure of evidence in the State's possession, the judge must, at a minimum, order an in camera inspection and make appropriate findings of fact, and if the judge rules against defendant, the evidence should be sealed and placed in the record for appellate review.
State v. Brewer, 325 N.C. 550, 573-74, 386 S.E.2d 569, 582 (1989), cert. denied, 495 U.S. 951, 109 L. Ed. 2d 541 (1990).
In the case at bar, defendant requested reports of the State's debriefing of its witness, Sonny. The trial judge complied with the statutory mandate and conducted an in camera review of the documents. After examining the documents, the trial judge concluded that defendant was not entitled to any of the information. The district attorney's office sealed the documents and turned them over to this Court. The remaining issue is whether, based on this Court's review of the documents, the trial judge erred in denying defendant's request.
When considering this issue previously, our Supreme Court noted that
neither the statutory provisions set out in N.C.G.S. § 15A-903 nor waiver of theattorney-client privilege alters the general rule that the work product or investigative files of the district attorney, law enforcement agencies, and others assisting in preparation of the case are not open to discovery. Internal police reports and memoranda prepared by law enforcement officers are not made discoverable by this statute.
Id. at 574, 386 S.E.2d at 582 (citation omitted) (emphasis added). The Brewer Court also mentioned that this Court should consider whether the trial court abused its discretion in denying defendant's request. Id. at 574, 386 S.E.2d at 583.
In the case at bar, the materials defendant sought appear to be internal police reports that are not discoverable. Additionally, we have reviewed the documents under seal and do not believe that the trial judge abused his discretion in denying defendant's request. As was the case in Brewer, this defendant "is not now permitted to engage in a fishing expedition for exculpatory material." Id. This assignment of error is without merit.
After carefully considering the record, briefs, transcript, and documents under seal, we conclude that defendant received a fair trial free from reversible error.
No error.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).